## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-22386-GAYLES

RICARDO A. BALLESTEROS a/k/a
ALEJANDRO ALVAREZ, *on behalf of
himself and "Victims of Short Sales"*,
                          Plaintiff(s),

             v.

JPMORGAN CHASE BANK, N.A.,
                          Defendant.
_____/

### ORDER

THIS CAUSE comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s

("JPMorgan") Motion to Dismiss [ECF No. 10]. The Court has carefully considered the motion,

the Complaint, and the applicable law and is otherwise fully advised in the premises.

## I.      BACKGROUND

According to the allegations in the Complaint, on February 22, 2005, Plaintiff Ricardo A.

Ballesteros a/k/a Alejandro Alvarez, who is proceeding *pro se*, took out an $805,000 loan from

Washington Mutual Bank; as security for the debt, he executed a mortgage encumbering real prop-

erty located at 28 Ixora Way, Boynton Beach, Florida (the "Property"). Compl. ¶¶ 6-9. Ballesteros

made monthly payments over the following six years, totaling approximately $280,000. *Id.* ¶¶ 10-

11. In September 2008, near the outset of the financial crisis, JPMorgan Chase purchased Wash-

ington Mutual Bank. *Id.* ¶ 16.

Ballesteros alleges that on July 25, 2011, he received an offer to sell the Property. *Id.* ¶ 21.

More specifically, he states that "[i]n 2012, [JPMorgan] agreed to a $450,000 short sale offer and

to reward the plaintiff with a $45,000 cash back bonus in exchange for the plaintiff agreeing to

execute a short sale for the property." *Id.* ¶ 22. Ballesteros "rejected the underpriced offer." *Id.* ¶ 23. He then contends that the Property sold for $530,000 in 2013, a loss of approximately $700,000 in equity owing to the drop in home values. Compl. ¶¶ 24-25. However, a Quit Claim Deed recorded on Page 346 of Book 24,226 of the Public Records of Palm Beach County, Florida, represents that Ballesteros (as Alejandro Alvarez) transferred title to the Property to an individual named Elena Garcia on September 29, 2009. Def.'s Mot. Ex. A.[1]

Ballesteros filed a putative class action Complaint in this Court on June 22, 2016, on behalf of himself and so-called "Victims of Short Sales," bringing claims against JPMorgan for "Intentionally Inflicting Financial Loss" and "Negligently Inflicting Financial Loss," Compl. *Id.* ¶¶ 28-33. He contends that these claims arise from an alleged "scheme" orchestrated by JPMorgan— a "massive short sale campaign to liquidate loans acquired from Washington Mutual Bank . . . to produce quick profits deliberately causing property owners to incur enormous losses." *Id.* at 1.

JPMorgan filed the instant motion to dismiss on September 8, 2016, contending, first, that Ballesteros lacks standing to sue under Article III of the U.S. Constitution; and, second, that he has failed to state claims upon which relief can be granted. To date, Ballesteros has failed to respond to the motion.

## II.   DISCUSSION

"[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). As the party invoking federal jurisdiction, Ballesteros bears the burden of demonstrating that he has standing to sue, *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990), and because standing is a threshold determinant, he must "clearly . . . allege facts demonstrating" standing, *Warth v. Seldin*, 422 U.S.

---

[1]   As JPMorgan has asserted a factual attack on Ballesteros's Complaint, "challeng[ing] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings,'" the Court properly considered matters outside the pleadings, such as the Quit Claim Deed attached to JPMorgan's motion to dismiss. *McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

490, 518 (1975). "The 'irreducible constitutional minimum of standing' comprises three elements: injury in fact, causation, and redressability." *Nicklaw v. Citimortgage, Inc.*, — F.3d —, 2016 WL 5845682, at \*2 (11th Cir. Oct. 6, 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555 at 560-61 (1992)). An alleged injury in fact must be an invasion of a legally protected interest that is both "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. 555 at 560 (citations and internal quotation marks omitted). And given that this case is brought as a putative class action on behalf of the unnamed "Victims of Short Sales," "[t]hat [the] suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (quoting *Warth*, 422 U.S. at 502).[2]

Although Ballesteros alleges that JPMorgan "launched [a] fraudulent short sale campaign scheme to produce profits," Compl. ¶ 27, it is clear to the Court that he did not "participate[] in executing [a] short sale agreement[]" at all, *id.* at 1. Ballesteros explicitly states in his Complaint that he rejected JPMorgan's offer to enter into a short sale agreement. *Id.* at ¶ 23. Moreover, the Quit Claim Deed proffered by JPMorgan shows that Ballesteros did not even ***own*** the Property at the time JPMorgan's alleged short sale offer was made, *see* Def.'s Mot. Ex. A ("ALEJANDRO ALVAREZ . . . grantor . . . does hereby remise, release, and quitclaim to the said grantee [ELENA GARCIA] . . . all the right, title, interest, claim and demand which grantor has in and to the follow-

---

[2]   "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (per curiam) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (per curiam) (citations and internal quotation marks omitted).

ing described land . . . ."). As a result, the Court finds that Ballesteros has failed to show that he personally suffered a concrete and particularized injury and thus fails to show an injury in fact. And given that "[a]bsent an alleged injury, [a plaintiff] cannot make out a case or controversy under Article III," *Nicklaw*, 2016 WL 5845682, at *2, no further analysis is required; Ballesteros does not have standing to bring this lawsuit in federal court.

Finally, because the Court has found that Ballesteros himself does not have standing, it also finds that he does not have standing to bring a putative class action on behalf of any other individuals who may have suffered such a particularized injury. *See Simon*, 426 U.S. at 40 n.20. Having found that Ballesteros lacks standing, the Court need not address JPMorgan's other arguments.

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [ECF No. 10] is **GRANTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

This action is **CLOSED** and all other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of October, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE